IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS O. TATE, #180 664, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:15-CV-721-MHT |
| | )                        [WO] |
| ALABAMA PRESIDENT PRO | ) |
| TEMPORE, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a civil action filed by Plaintiff, an indigent state inmate presently incarcerated at the Fountain Correctional Facility in Atmore, Alabama. Under the provisions of 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]   28 U.S.C. § 1915(g).

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

## I.  DISCUSSION

Upon initiating this case, Plaintiff did not pay the $350.00 filing fee and attendant $50 administrative fee nor did he file an application for leave to proceed *in forma pauperis* which is required to proceed in this court. The court, therefore, entered an order advising Plaintiff that he must pay the full filing fee and concomitant administrative fee or submit an application for leave to proceed *in forma pauperis*. *See Doc. No. 2.*  Plaintiff filed a response on October 9, 2015, the first page of which is the form used by individuals who seek leave to proceed in this court *in forma pauperis. See Doc. No. 4*. Although Plaintiff's October 9, 2015, response indicates his belief, albeit an erroneous one, that he is exempt from payment of filing fees, under the directives of 28 U.S.C. § 1915(g),  a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, as malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915.  The cases on which the court relies in finding a violation of §

2

1915(g) are: (1) *Taite v. Haley, et al.*, Case No. 2:02-CV-34-MHT-CSC (M.D. Ala. 2002); (2) *Tate v. Keahey, et al*., Case No. 1:02-CV-734-BH-S (S.D. Ala. 2003); and (3) *Tate v. Lawson*, Case No. 2:06-CV-1779-RBP (N.D. Ala. 2006).[2] In addition to these civil actions, Plaintiff filed *Drelijah Joshua Muhammad, II v. McIntyre, III, et al*., Case No. 1:06-CV-228-BH-C (S.D. Ala. 2006), which "dismissed for lack of subject matter jurisdiction due to Plaintiff filing the § 1983 action while he was a prisoner, paying the filing fee, and suing non-state actors, which therefor placed his action beyond the purview of 28 U.S. C. §§ 1915 and § 1915A. The complaint was found to be without legal merit. "By all reasoning, the preceding action meets the criteria ... for a frivolous action – that a frivolous action is one that is 'based on [an] indisputably meritless legal theory' or 'lacks an arguable basis in law.'" *Tate  v. Bass, et al*., Civil Action No. 1:07-305-KD-C (S.D. Ala. 2007) (citations omitted) - *Report and Recommendation of the Magistrate Judge* (dismissing case pursuant to 28 U.S.C. § 1915(g)) -- *Court Doc. No. 5* at 2, adopted as opinion of the court by order of June 22, 2007 - *Court Doc. No. 10*). This court, therefore, concludes that the summary dismissals of these four cases place Plaintiff in violation of 28 U.S.C. § 1915(g).

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "The plaintiff must

---

[2]The requisite dismissals are indicated on the docket sheets maintained by each respective court in the referenced cases. The information is also on PACER ["Public Access to Court Electronic Records"], available at http://www.pacer.gov.

allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Id*. (*citing Martin*, 319 F.3d at 1050 and *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (internal quotations omitted). The "imminent danger" exception is available "for genuine emergencies," "where time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)

The court has carefully reviewed the claims in the instant action. Even construing all allegations in favor of Plaintiff, his claims do not entitle him to avoid the bar of § 1915(g) because they do not allege nor indicate that he was "under imminent danger of serious physical injury" when he filed this cause of action as required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Based on the foregoing, the court concludes that this case is due to be summarily dismissed without prejudice as Plaintiff failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at

4

the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 4, 2015**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 21st day of October, 2015.

                                      /s/ Wallace Capel, Jr.
                                      WALLACE CAPEL, JR.
                                      UNITED STATES MAGISTRATE JUDGE